7. Section 2(b)(A)(iv) of the Lease is hereby amended so as to redefine the term "Average Price Index" to mean the average of the twelve months Price Index for any yearly period used in any computation wherein the Price Index is a factor.

8. Section 2(b)(B) of the Lease and Section 2(iv) of the Amendment of Lease dated January 1, 2000, are hereby amended to substitute "January 1, 2004" as the date of first adjustment in the Fixed Rent in place of "January 1, 1992" and "January 1, 2002," respectively.

9. Section 4 of the Lease is hereby amended so as to add, as a final paragraph to said section, the following:

> In addition to the foregoing, and subject to all Legal Requirements, Lessee has the right to use the Demised Premises to conduct a sidewalk café appurtenant to its operation as a restaurant. Lessor (i) shall forthwith upon request execute and deliver such documents as are legally required of the fee owner to enable such use to be realized by Lessee and (ii) shall not terminate any prior consent granted prior to its date of termination; provided, however, that Lessor's aforesaid obligations may not be revoked in the absence of a material default by Lessee and its failure to cure after being served with 60 days prior written notice to cure. Nothing in this paragraph shall in any manner whatsoever affect any other cure or default provision of the Lease and shall specifically have no application to the rights and remedies of Lessor to terminate the Lease pursuant to the terms of the Lease without regard to this provision.

10. Section 13(b) of the Lease and Paragraph 1 of the Amendment to Lease dated January 1, 1991 are hereby amended so as to increase amount of public liability insurance required to be maintained by Lessee to a minimum of $1,000,000/$5,000,000, and property damage of $500,000. Lessor shall not, during the term of this Lease, request nor direct upward adjustments in any of the coverages required under this Lease in the absence of compelling reason.

11. Section 23 of the Lease is hereby deleted and replaced by the following:

> Anything in this Lease to the contrary notwithstanding, upon the termination of this Lease for any reason, all furniture, fixtures and equipment (the "Equipment") of the Lessee situate at the Demised Premises (except computer hardware and software and except such Equipment which is the subject of written, bona fide, third party equipment leases), shall, unless Lessor elects otherwise, become the sole property of Lessor. Such election shall be exercised by Lessor not later than 90 days prior to the expiration of the Term. Lessor's failure to make an election shall be deemed an election to succeed to

-2-

(v. 9)

the title of the Equipment. If Lessor elects not to succeed to the title of the Equipment, then Lessee shall remove all such Equipment at Lessee's expense and the provisions of Section 36 of the Lease and Paragraph 9 of the Amendment of Lease dated January 1, 1991 shall govern..

12. Section 24 of the Lease is hereby amended to provide that Lessee shall at all times throughout the Term maintain on deposit with Lessor an amount equal to two months' of the then current Fixed Rent. Provided that Lessee shall not be in default of the Lease, as amended, the obligation of Lessee to satisfy any security shortfall shall be permitted to be deferred to December 31, 2003.

13. Anything in the Lease to the contrary notwithstanding, Lessee may permit persons to photograph, film and record scenes and sounds from the Demised Premises, provided that (I) all conditions set forth at Paragraph "4" of the Letter Agreement dated January 1, 1991 are satisfied, and (ii) Lessee shall account to Lessor for all consideration received in connection with such activities and shall pay over to Lessor an amount equal to twenty percent of the gross consideration so received. If the activities which are the subject of this section require the restaurant and sidewalk café to completely close for business for a period of time, then Lessee may deduct an amount equal to $100 per hour during which the restaurant and sidewalk café shall have actually been so closed for business and may deduct such sum from the amount otherwise due to Lessor herein.

14. Section 39 of the Lease is deleted in its entirety and replaced by the following:

> All notices, demands, elections and other communications which a party desires or is required to make under the Lease shall be in writing and either hand delivered or transmitted by reputable overnight courier, or by certified mail return receipt requested (in which event delivery shall be deemed effected upon on the third business day after mailing) to the respective party at the address first above written, with copies, which may be transmitted as aforesaid or telefaxed and mailed by first class mail, as follows:
>
> If to Lessor:
>
> Bruce H. Beckmann, Esq.
> Rosensteel & Beckmann LLC
> 90 Park Avenue (Suite 1710)
> New York, NY 10016
> Fax: 212.986-4939
>
> If to Lessee:
> Arnold Gussin, Esq.
> 9 Murray Street (Suite 4-West)

-3-

(v. 9)